UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL WESCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN MATUSOW, et al.,<br><br>        Defendants. | Case No. 22-cv-00070-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 1, 3 |

## I.   INTRODUCTION

Plaintiff Carl Wescott, pro se, applies to proceed in forma pauperis. *See* dkt. 3. Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Wescott's complaint under 28 U.S.C. § 1915(e)(2)(B). Wescott brings claims under California law for breach of contract and promissory fraud against Defendants Ken Matusow and Synergicity, Inc. For the reasons discussed below, Wescott is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Wescott shall file either an amended complaint or a response to this order no later than May 11, 2022. If he does not do so, or fails to cure the deficiency identified herein, the case will be reassigned to a United States district judge with a recommendation for dismissal.

The case management conference previously set for April 15, 2022 is CONTINUED to June 3, 2022 at 2:00 PM, to occur via Zoom webinar.

## II.   ALLEGATIONS OF THE COMPLAINT

Because a plaintiff's factual allegations are generally taken as true in evaluating the sufficiency of a complaint, this order summarizes Wescott's allegations as if true. Nothing in this

order should be construed as resolving any issue of fact that might be disputed. This summary is intended as context for the convenience of the reader is and is not a complete recitation of Wescott's allegations.

Wescott and Defendant Matusow both have experience as information technology consultants and investors. *See* Compl. (dkt. 1) ¶ 12. Defendant Synergicity is a California corporation engaged in technology consulting and owned by Matusow. *Id.* ¶¶ 3, 16, 46. Wescott and Matusow met through business and traveled together to South Korea. *Id.* ¶¶ 24, 27. Matusow became connected with a Korean company, LICO-Art ("LICO"), that intended to develop an amusement park. *Id.* ¶ 27. Wescott got involved with logistics for the early stages of that project. *Id.* ¶ 30.

LICO needed to raise $70 million to purchase land—the first step towards developing its park. *Id.* ¶ 31. The parties agreed that LICO would pay a $7 million fee for raising those funds, and if Wescott "brought the lender/investor to the table for a successful closing," he would receive $6.3 million of that fee, with the remaining $700,000 going to Synergicity. *Id.* ¶¶ 34–35.

"The parties agreed that LICO would pay Synergicity US $20,000" for business documents LICO needed in English, and that Synergicity would pay Wescott, "who would do all the work." *Id.* ¶ 33. Wescott prepared the documents and flew to Seoul to meet with LICO, and after getting a "generally positive reception," made changes as requested, finishing the project in May of 2018. *Id.* ¶ 36–42. Matusow told Wescott that since the work had been done to LICO's satisfaction, Matusow would pay Wescott an additional $12,000, in addition to $5,000 that Wescott had already received. *Id.* ¶ 43. Wescott understood that to mean that Matusow would transfer funds from Synergicity to Wescott. *Id.* ¶ 44. To date, Matusow has not done so, and the parties have not moved forward with fundraising. *Id.* ¶ 45.

Wescott asserts the following claims against Matusow and Synergicity: (1) breach of contract, *id.* ¶¶ 57–62; (2) promissory fraud, *id.* ¶¶ 63–72; and (3) negligent misrepresentation, *id.* ¶¶ 73–78.

2

### III. ANALYSIS

#### A. Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

#### B. Diversity Jurisdiction and Amount in Controversy

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent

3

obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). The basis only basis for jurisdiction that Wescott asserts here—"diversity jurisdiction" under 28 U.S.C. § 1332(a)—allows federal courts to hear claims arising under state law if no plaintiff is a citizen of the same state as any defendant[1] and the amount in controversy exceeds $75,000. A plaintiff seeking to invoke a federal court's diversity jurisdiction must affirmatively allege facts showing that the amount in controversy threshold is satisfied. *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016). In the Ninth Circuit, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis omitted).

Wescott's complaint implicates two categories of damages: the $12,000 that he alleges Matusow promised to pay him for preparing documents, and the share of the $7 million fundraising fee that he would have recovered if the parties had proceeded to raise $70 million for the first round of LICO's project. The latter category is necessary for him to meet the $75,000 threshold for diversity jurisdiction, and the Court therefore focuses on those damages in evaluating whether he has properly invoked this Court's diversity jurisdiction.

Wescott's claim to damages for the expected value of the successful project is likely only recoverable, if at all, through his contract claim. "Under California law, a defrauded party is ordinarily limited to recovering out-of-pocket damages. The out-of-pocket measure of damages is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." *Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 66 (2007) (cleaned up); *see also EduMoz, LLC v. Republic of Mozambique*, No. CV

---

[1] Wescott alleges that he is a resident of Arizona, Matusow is a resident of California, and Synergicity is a "California Corporation." Compl. ¶¶ 1–3. For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where its principal place of business is located. The Court understands Wescott's allegation as indicating that Synergicity is incorporated in California. While he has not specifically addressed its principal place of business, in the absence of allegations or evidence to the contrary, it is reasonable to infer from the complaint as a whole (including the allegation that Synergicity's owner Matusow lives and works in California, *id.* ¶ 9) that the company's principal place of business is also in California.

4

13-02309 MMM (CWx), 2015 WL 13697385, at *14 (C.D. Cal. Apr. 20, 2015).  Wescott has not alleged facts sufficient to show that any exception to that general rule would allow him to recover "expectation" or "benefit-of-the-bargain" damages here under his fraud or negligent misrepresentation theories, nor has he offered any allegation that his out-of-pocket losses could meet the $75,000 threshold.

In contrast to the out-of-pocket damages usually awarded for fraud and other tort theories, "[d]amages awarded to an injured party for breach of contract seek to approximate the agreed-upon performance" and "put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004).  The question, then, is whether Wescott has alleged breach of a contract to pay him a share of the fundraising fee—or, perhaps, that he would have received that fee but for Matusow's failure to pay him the $12,000.

Under California law, the "cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (2004).  Wescott alleges that "LICO agreed to pay a US $7 million fixed-fee upon successful raise of the US $70 million debt capital," and that "the parties agreed that [Wescott] would get paid $6.3 million of the $7 million if [he] brought the lender/investor to the table for a successful closing for phase I."  Compl. ¶¶ 34–35.  He has not alleged, however, that any funds were actually raised such that he would be entitled to payment based on those agreements, or that Defendants failed to do anything they were contractually obligated to do in order to allow fundraising to move forward.

The only breach that Wescott specifically identifies is Matusow's failure to pay him the $12,000.  *Id.* ¶ 60.  He has not explained why, if Matusow had paid the $12,000 as he allegedly agreed, the $70 million fundraising plan would have moved forward and Wescott would have also obtained his share of the $7 million fee.  In other words, Wescott has not shown that payment of anything beyond $12,000 is necessary to "put [him] in as good a position as he . . . would have occupied if the defendant had not breached the contract" to pay him $12,000 for preparing

5

documents.  *See Lewis Jorge Constr.*, 34 Cal. 4th at 967.

Wescott's allegations do not show that he could reasonably recover at least $75,000 if he prevailed on his claims.  Wescott is therefore ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, Wescott is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction (without prejudice to refiling in state court), by filing no later than May 11, 2022 either: (1) an amended complaint remedying the defects identified above; or (2) a response to this order arguing why his present complaint is sufficient to proceed.

Any amended complaint must include the caption and civil case number used in this order 22-cv-00070) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Wescott's original complaint by reference, but instead must include all of the facts and claims Wescott wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: April 13, 2022

JOSEPH C. SPERO
Chief Magistrate Judge