Richard J. Zuromski, Jr. (Bar No. 227569)
Jon-Patrick A. Jones (Bar No. 333173)
**SEIFERT ZUROMSKI LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     415-293-7966
Facsimile:     415-293-8001
Email: rzuromski@szllp.com

Attorneys for Defendants
*Synergicity, Inc. and Ken Matusow*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Carl A. Wescott, an individual<br><br>    Plaintiff,<br><br>v.<br><br>Synergicity, Inc., a California Corporation; Ken Matusow, an individual,<br><br>    Defendants. | No. 3:22-CV-00070-WHA<br><br>**RE-NOTICE OF DEFENDANTS SYNERGICITY, INC. AND KEN MATUSOW'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:     JANUARY 12, 2023<br>TIME:     8:00 AM<br>PLACE:    HON. WILLIAM H. ALSUP<br>          16TH FLOOR |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 12, 2023 at 8:00 am or as soon thereafter as the matter may be heard, in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, 94102, Defendants Synergicity, Inc. and Ken Matusow (collectively, "Defendants") will and hereby do move this Court under Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6) for an order dismissing Plaintiff's three causes of action from his Amended Complaint as follows:

1. Dismissing the entire case under Federal Rules of Civil Procedure, Rule 12(b)(1) for lack of subject-matter jurisdiction over this controversy.
2. Dismissing Causes of Action one through three under Federal Rules of Civil Procedure, Rule 9(b) and 12(b)(6) for failure to plead fraud with particularity and failure to state a claim upon which relief can be granted.

Defendants' Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declarations and exhibits filed concurrently herewith, the records of the Court, and other evidence and argument that may be presented to the Court at or before the time of the hearing.

Dated: November 29, 2022

                                              SEIFERT ZUROMSKI LLP

                                              By _/s/ Richard J. Zuromski, Jr._
                                                        Richard J. Zuromski, Jr.
                                                         Attorneys for Defendants
                                                      Synergicity, Inc. and Ken Matusow

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1
II. FACTUAL AND PROCEDURAL HISTORY ............................................................2
III. STATEMENT OF ISSUES TO BE DECIDED ..........................................................4
IV. ARGUMENT ................................................................................................................4
    A. The Amended Complaint Must be Dismissed Because Plaintiff has not Properly Alleged Facts That Support His Claim of Diversity Jurisdiction. .......................................................................................................4
    B. The Amended Complaint Should be Dismissed for Failure to State A Claim Upon Which Relief Can Be Granted. .....................................................7
        i. The Cause of Action For Breach of Contract Should Be Dismissed For Failure to State a Cognizable Claim. ..........................7
        ii. The Cause of Action for Promissory Fraud Is Barred By the Economic Loss Rule and Not Plead With Particularity. ...................10
            a. The Economic Loss Rule Bars Plaintiff's Fraud Claims ........10
            b. Plaintiff's Fraud Claim Is Not Pled With Particularity ...........11
        iii. The Cause of Action for Negligent Misrepresentation Should Be Dismissed. ....................................................................................12
V. CONCLUSION ...........................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC,* 158 Cal. App. 4th 226, 243 (2007) ..................................................................................................... 13

*Appling v. Wachovia Mortg., FSB,* 745 F. Supp. 2d 961, 974 (N.D. Cal. 2010) ............................................................................................................................ 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) ................................................................... 7

*A—Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) .................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-559 (2007) ......................................... 7

*CDF Firefighters v. Maldonado,* 158 Cal. App. 4th 1226, 1239 (2008) .............................. 7

*Christensen v. Northwest Airlines, Inc.*, 633 F. 2d 529, 530-531 (9th Cir. 1980) ........................................................................................................................ 5, 6

*Engalia v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 974 (1997) ............................ 11

*Gaus v. Miles, Inc.,* 980 F. 2d 564, 567 (9th Cir. 1992) ....................................................... 5

*Giles v. General Motors Acceptance Corp.,* 494 F. 3d 865, 873 (9th Cir. 2007) ......................................................................................................................... 10

*Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) ................................................... 7

*JMP Securities LLP v. Altair Nanotechnologies, Inc.,* 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ..................................................................................... 10

*Kids' Universe v. In2Labs,* 95 Cal. App. 4th 870, 887 (2002) ............................................. 9

*Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947) ..................................................................... 4

*Minn. Mut. Life Ins. Co. v. Ensley,* 174 F. 3d 977, 981 (9th Cir. 1999.) ............................. 8

*NuCal Foods, Inc. v. Quality Egg LLC,* 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013) .................................................................................................................. 10

*Oracle USA, Inc. v. XL Global Services, Inc.,* 2009 WL 2084154, at *3 (N.D. Cal. July 13, 2009) ............................................................................................. 10

*Robinson Helicopter v. Dana Corp.,* 34 Cal. 4th 979, 991 n.7 (2004) ............................... 10

*Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) ............................... 4

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986) ................................................................................................ 11

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-289 (1938) .................... 5

*Swartz v. KPMG LLP,* 476 F. 3d 756, 764 (9th Cir. 2007) ............................................... 14

*Telesauraus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010) ..............................13

*U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F. Supp. 1053, 1058 (N.D. Cal. 1991)........................................................................................................14

*U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal. 3d 586, 596 (1970) ............................8

*Vacek v. United Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir. 2006). ...................................4

*Vess v. Ciba-Ceigy Corp. USA,* 317 F. 3d 1097, 1106 (9th Cir. 2003)..............................11

*Warren v. Fox Family Worldwide, Inc.,* 328 F. 3d 1136, 1139 (9th Cir. 2003) ..................................................................................................................................13

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ..............................................................4

**Statutes**

28 U.S.C. § 1332(a)(1) .........................................................................................................5

**Rules**

Fed. R. Civ. P. 9(b)............................................................................................................11

Fed. R. Civ. Pro. 12(b) (1)...................................................................................................4

Fed. R. Civ. Proc. 8(a)(2) ....................................................................................................7

Federal Rule of Civil Procedure 12(b)(6)............................................................................7

iii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The present lawsuit is the fifth attempt of Plaintiff Carl A. Wescott ("Plaintiff"), a California registered vexatious litigant,[1] to use court process to harass his former business colleague, Ken Matusow ("Mr. Matusow") and Mr. Matusow's company, Synergicity, Inc. ("Synergicity") (Matusow and Synergicity collectively, "Defendants").  Plaintiff is no stranger to abusing the court process to harass others.  In the past four years alone, Plaintiff has filed over ten[2] lawsuits, all in propria persona, against various targets of his aggression across the Ninth Circuit alone.  Interestingly, many of Plaintiff's former lawsuits allege similar claims of breach of development contracts and promissory fraud as those presently before this Court.[3]  Unsurprisingly, most, if not all of Plaintiff's actions have resulted in dismissal – and this case should be treated no differently from the myriad of others.  This Court should not look past Plaintiff's demonstrated record of abusing court processes and should afford deference to California's designation of Plaintiff as a vexatious litigant.

Plaintiff's theme of abusing court process is pervasive throughout his latest Amended Complaint[4] against Defendants – Plaintiff makes unsubstantiated allegations that are entirely unsupported by any possible evidence.  As should be obvious, the allegations in Plaintiff's Amended Complaint are entirely deficient.  Plaintiff's claims lack jurisdiction to be heard in federal court and, more specifically, each claim fails to state a claim upon which relief can be

---

[1]   On July 19, 2019, Carl A. Wescott was declared by the Judicial Council of California to be a registered vexatious litigant. (Matusow Decl. ¶ 8, Ex. A.)  There is legitimate concern, given Mr. Wescott's past misdeeds, that Mr. Wescott will make misrepresentations to this Court, such as forging documents and evidence, as he has done as recently as three years ago.  (San Francisco Super. Ct. No. FDI-14-781666 (Mr. Wescott deemed vexatious litigant for filing 93 requests for orders, forging court documents, and harassing others with court process.))

[2]   *See, e.g., Wescott v. Yee,* N.D. Cal. Case No. 3:22-cv-02862; *Wescott v. Daniel*, N.D. Cal. Case No. 21-cv-10011-JCS; *Wescott v. Block*, N.D. Cal. Case No. 22-cv-00543-EMC; *Wescott v. Beresford Corp.*, N.D. Cal. Case No. 22-cv-00067-JSC; *Wescott v. Crowe*, N.D. Cal. Case No. 20-cv-06456-JD; just to name a few as the list is too long for a footnote.

[3]   Another prevalent theme is that Mr. Wescott will eventually turn his sights towards suing the Defendants' attorneys.

[4]   Defendants note that this is already Mr. Wescott's second attempt at stating a claim against them.

granted against Defendants. As pled, each of Plaintiff's causes of action fall far below the standards required of a pleading in federal court. Indeed, they are full of unsubstantiated allegations and fail to allege the necessary facts to support each element of the respective causes of action.

Defendants move this Court for an order dismissing the Amended Complaint in its entirety, or in the alternative, dismissing certain causes of action.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a former technology consultant, friend, and colleague of Mr. Matusow. Mr. Matusow's company, Synergicity, is a California corporation engaged in technology consulting.

At one time, Plaintiff and Mr. Matusow enjoyed a working relationship as colleagues who were both involved in the information technology consulting sector. (Matusow Decl. ¶ 3.) Prior to 2016, Plaintiff and Mr. Matusow never worked together but would frequently cross paths by virtue of their professions in the same industry. (*Id*.) In 2016, Plaintiff asked Mr. Matusow to be a mentor to him while Plaintiff was working for a company called SparkLabs Connex ("SparkLabs"). (*Id.*) Mr. Matusow accepted. (*Id.*)

Through Mr. Matusow's mentorship relationship, Plaintiff and Mr. Matusow travelled to Korea. (*Id.* ¶ 4.) In their free time in Korea, Mr. Matusow accompanied Plaintiff to approximately two meetings where Plaintiff met with personnel from LICO-art ("LICO"), a company that wanted to develop an LED amusement park. (*Id.*) As Plaintiff told Mr. Matusow, LICO was in need of developing a plan to raise capital for their development project. (*Id.*) This included tasks such as preparing business documents to develop a preliminary investor pitch and translating certain documents from Korean to English. (*Id.*) Mr. Matusow was not substantively involved in any conversations with LICO personnel and, as far as he was concerned, was merely accompanying Plaintiff to the two meetings as a friend and business mentor. (*Id.*) Mr. Matusow has never done any work for LICO. (*Id.*)

A few days after he accompanied Plaintiff to a second meeting in Korea, Plaintiff approached Mr. Matusow with a proposal – Plaintiff asked if Mr. Matusow would allow Plaintiff to act under his company, Synergicity, so that Plaintiff could perform the work for LICO and

invoice the work from a business name instead of his name individually. (*Id.* ¶ 5.) That is, Plaintiff asked if he could act as a contractor for Synergicity and the corporate entity would then invoice LICO for the work that Plaintiff performed, since Plaintiff did not own a business himself. (*Id.*) In return, Synergicity would receive a small percentage of the deal, if it was ever completed. (*Id.*) Mr. Matusow agreed to the proposal because, at the time, Plaintiff was Mr. Matusow's friend and the project was to be solely handled by Plaintiff and did not require Mr. Matusow's involvement. (*Id.*)

Aside from the two meetings that Mr. Matusow accompanied Plaintiff in a friendly capacity, Mr. Matusow had absolutely zero personal involvement or participation in anything related to the purported "LICO Deal." (*Id.*) According to corporate records, Synergicity received an $8,000 dollar payment from LICO, which – at Plaintiff's direction – was used to pay for various expenses incurred by Plaintiff. (*Id.* ¶ 6.) This initial payment represented the first of two progress payments to be paid from LICO and was supposed to be for hiring Plaintiff to perform an evaluation of the property for potential investors, not for translation services. (*Id.* ¶ 7.) Payment for the second phase of work would come at a later time. (*Id.*) After Synergicity receiving the first payment from LICO, Plaintiff performed approximately half of the work and then abruptly stopped, leaving purported "Phase I" work unfinished. (*Id.*) This upset LICO personnel and eventually broke down any relationship that Plaintiff had with LICO, including continuing the Phase II work. (*Id.*)

Considering that Mr. Matusow was not involved in Plaintiff's LICO project, he did not discover that Plaintiff had abandoned the project until Rick Kim contacted Mr. Matusow to inform him. (*Id.* ¶ 8.) Upon learning this information from Mr. Kim, Mr. Matusow called Plaintiff to ask why he abandoned the project. (*Id.*) Plaintiff provided no answer and got extremely angry and refused to speak further about the project. (*Id.*) Plaintiff likely failed to complete the work for LICO because of his increasingly declining mental health. (*Id.*) Indeed, at this time Plaintiff's mental health issues were causing problems in all avenues of his life. (*Id.*) Plaintiff was fired from his job at SparkLabs due to his increasingly erratic behavior resulting

from his mental health. (*Id.*) Plaintiff was also declared a vexatious litigant in California because he was consistently harassing others with court process. (*Id.* Ex. A.)

One of the targets of Plaintiff's litigiousness has been Mr. Matusow, who has faced litigation against Plaintiff in multiple states. (*Id.* ¶ 9.) Plaintiff filed suit against Defendants in the Arizona District Court, District of Florida and in the Northern District of California. (*Id.*) Plaintiff recently filed the instant Amended Complaint in federal court – which at best sets forth a claim for a $12,000 breach of contract – because he is precluded from filing suit in California state court due to his vexatious litigant status. This motion followed.

### III.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Court has jurisdiction over Plaintiff's dispute.

2. Whether Plaintiff has failed to state a claim upon which relief can be granted for failure to allege sufficient facts to support essential elements of their causes of action.

### IV.   ARGUMENT

**A. The Amended Complaint Must be Dismissed Because Plaintiff has not Properly Alleged Facts That Support His Claim of Diversity Jurisdiction.**

Federal Rule of Civil Procedure, Rule 12(b)(1) allows for a motion to dismiss based on a lack of subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. *See Vacek v. United Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A—Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). On the other hand, a factual attack disputes the truth of the allegations that, by themselves, would otherwise involve federal jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947) ("When a question of the District

4

Court's jurisdiction is raised… the court may inquire by affidavits or otherwise, into the facts as they exist.").

Plaintiff has attempted to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332, which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and… is between citizens of different states." (FAC ¶ 10; *see also* 28 U.S.C. § 1332(a)(1).)

Although the law generally affords deference to the sum of damages plead by a plaintiff, the Supreme Court has recognized the limits of this presumption: "If from the face of the pleadings, it is apparent to a legal certainty, that the plaintiff cannot recover the amount claimed or, if, from the proof, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the sole purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-289 (1938). In other words, while "the amount in controversy is normally determined from the face of the pleadings," in some cases, including those where the facts show the allegations are not being made in "good faith," the Court may look beyond the amount claimed by the plaintiff to other circumstances. *Christensen v. Northwest Airlines, Inc.*, 633 F. 2d 529, 530-31 (9th Cir. 1980); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992) (holding that a plaintiff cannot merely "recite some 'magical incantation'" that the damages exceed the jurisdictional threshold, the plaintiff must also allege "underlying facts supporting its assertion" about the amount in controversy).

A Ninth Circuit case, *Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529 (1980), illustrates this principle. In *Christensen*, an airline passenger sought damages related to a verbal altercation she had with airline personnel when she was bumped off her flight due to overbooking. *See Christensen*, 633 F.2d at 529-30. The plaintiff's complaint alleged $50,000 in damages which, on its face, exceeded the amount in controversy requirement at the time. *See id.* at 530. Looking beyond the facial allegations in the complaint, the Ninth Circuit held that the plaintiff did not satisfy the minimum jurisdictional amount because, as a matter of law, the plaintiff could not obtain compensation for being removed from the flight and could not receive

5

punitive damages under Washington law. *Id.* at 530 n.3. Moreover, the *Christensen* Court found that the plaintiff's resulting claim for "emotional damages over $10,000" was "not made in good faith, but only for the purpose of obtaining federal court jurisdiction." *Id.*

Similar to *Christensen,* the allegations in Plaintiff's Amended Complaint are so deficient that they cannot, with legal certainty, support a claim for more than the jurisdictional minimum. As alleged, the Amended Complaint identifies two categories of damages: $12,000 purportedly owed for translating documents, and an alleged percentage of a $7 million fundraising fee that Plaintiff claims he would have recovered if Plaintiff proceeded with a proposed fundraising project.[5] (FAC ¶ 107.) Given that Plaintiff's claims regarding translation of documents amounts to $12,000, Plaintiff relies upon the claims surrounding the alleged percentage fee to establish diversity jurisdiction. Yet, the claims surrounding the percentage fee are so patently implausible, and so deficiently plead, that it appears to a legal certainty that they cannot support a judgment in excess of the jurisdictional minimum.

Plaintiff has not identified any contract or agreement entitling him to the percentage fee, has not alleged that any funds were actually raised for the LICO deal, and has failed to establish causation as to the acts or omissions of Defendants that allegedly caused Plaintiff's injuries. Plaintiff has not identified any contract because there was none. All that was agreed to was to allow Plaintiff to act as a contractor for Synergicity so that he could invoice LICO for the work that Plaintiff performed. (Matusow Decl. ¶ 5.) Plaintiff invoiced LICO for the work using Synergicity's corporate form, LICO paid Synergicity for the first phase of the work, and pursuant to Plaintiff's request, Synergicity paid off certain debts owed by Plaintiff. (*Id.* ¶ 6.) No money was received by Synergicity for Phase II of the work because Plaintiff abandoned the project without reason. (*Id.* ¶ 7.) Any allegations to the contrary are complete fabrications made by Plaintiff. As such, and for the reasons more specifically stated below, Plaintiff fails to allege a

---

[5] As stated in the Factual History section above, Synergicity's corporate records reflect a single $8,000 payment for Plaintiff's completion of Phase I work – which was not for translation of documents. This $8,000 for Phase I work was used to pay Plaintiff's debts at his direction. Plaintiff later abandoned the project without completing it and therefore destroyed the relationship with LICO before Phase II work could begin. (Matusow Decl. ¶ 7.)

6

1    bona fide claim in excess of $75,000 because Plaintiff's claims fail as a matter of law and are
2    crafted for the sole purpose of obtaining federal jurisdiction.

### B. The Amended Complaint Should be Dismissed for Failure to State A Claim Upon Which Relief Can Be Granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Ileto v.* Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All the factual allegations in the complaint are accepted as true, but legally conclusory statements that are not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. Proc. 8(a)(2)).

### i. The Cause of Action For Breach of Contract Should Be Dismissed For Failure to State a Cognizable Claim.

Plaintiff's first cause of action for breach of contract fails to adequately plead facts to support the cause of action. To plead a claim for breach of contract under California law, a plaintiff must allege: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Appling v. Wachovia Mortg., FSB,* 745 F. Supp. 2d 961, 974 (N.D. Cal. 2010) (quoting *CDF Firefighters v. Maldonado,* 158 Cal. App. 4th 1226, 1239 (2008)). Plaintiff's Amended Complaint fails to state a cognizable claim for three reasons: failure to adequately identify the existence of a contract, failure to adequately plead breach of contract, and failure to plead a cognizable damages theory.

Under California law, the first element of a breach of contract claim is "the existence of a contract." *Id.* Thus, a defendant must have been a consenting party to the contract at issue to be liable for its breach. *See Minn. Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 981 (9th Cir. 1999). In the corporate context, directors and officers are not personally liable on the corporation's contracts, even those they sign on behalf of the corporation, "unless they purport to bind themselves individually." *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal. 3d 586, 596 (1970).

Here, Plaintiff fails to allege that Mr. Matusow[6] was personally liable for Synergicity's contracts. Plaintiff's first cause of action for breach of contract is against both Defendants. However, Plaintiff alleges that he was involved with Synergicity, purportedly promised to be paid by Synergicity, and performed work in conjunction with Synergicity's business. (FAC ¶ 65.) Nowhere in the Amended Complaint does Plaintiff allege that Mr. Matusow, in his individual capacity, was a party to the agreement or that Mr. Matusow intended to personally bind himself on any alleged contract. Mr. Matusow cannot therefore be held personally liable, and the breach of contract claim fails against him as matter of law.

Additionally, Plaintiff fails to furnish the causal nexus that shows how either of the Defendants had any part in the breakdown of the LICO deal. The only "breach" that is identified by Plaintiff is Syngericity's purported failure to pay for "translation of documents." (FAC ¶¶ 78-80.) This is a complete fabrication. Synergicity received $8,000 for the Phase I LICO work and used it to pay Plaintiff's debts, then Plaintiff abandoned the project. (Matusow Decl. ¶ 7.) In an attempt to create jurisdiction where none exists, Plaintiff claims that Synergicity's failure to pay for "translation of documents" was the sole cause of the LICO deal breaking down because Plaintiff was unable to travel to Korea to seek additional investors. (FAC ¶¶ 80-85.) This too is contradicted by the evidence and is too tenuous to support the breach of contract claim.

---

[6] Plaintiff consistently conflates the terms "Mr. Matusow" "Synergicity" and "Defendants" to the point of making the Amended Complaint ambiguous. (*See* FAC ¶¶ 27, 30, 40-41, 75-76, 77-80, 87, 94, 96-97, 100-106, 110-113.) To be clear, if any contract existed with Plaintiff (none existed), it would have been between Mr. Wescott and Synergicity. Any involvement of Mr. Matusow in this dispute was by virtue of his role as owner of Synergicity, not *personally*.

8

DEFENDANTS' MOTION TO DISMISS                                              3:22-CV-00070-WHA

As the evidence shows, neither Mr. Matusow nor Synergicity had any contract with Plaintiff that could possibly be breached. Any agreements were solely between Plaintiff and LICO. Mr. Matusow had zero personal involvement in the LICO deal outside of accompanying Plaintiff to two meetings. Synergicity received payment for Phase I work which – at Plaintiff's direction – was used to pay certain of his debts. The Phase I work was for Plaintiff to perform an appraisal on the property, and Plaintiff abandoned the LICO project precluding his right to payment for Phase II work. (Matusow Decl. ¶ 7.) The only evidence Plaintiff offers in support of this breach theory was that the failure to pay Plaintiff made him unable to travel to Korea to find *potential* investors. (FAC ¶ 31.) This is not enough. Plaintiff cannot support his claim to expectation damages, based upon disproven allegations that Plaintiff was not paid for work, and hollow claims that Plaintiff "believes" he could have secured investors if he was. The Amended Complaint fails to allege or identify any investors that were lost by Plaintiff's inability to travel, let alone that any of these unidentified potential investors would or could have closed the LICO deal. Stated differently, Plaintiff has only plead that he was not paid (which is demonstrably false), and not that any contract existed with Defendants that Defendants have breached. As such, Plaintiff has failed to adequately plead that Defendants breached the purported contract.

Lastly, Plaintiff's claims for lost profits are too speculative to withstand judicial scrutiny. Damages for lost profits are recoverable only where the evidence makes reasonably certain their occurrence and extent. *See Kids' Universe v. In2Labs,* 95 Cal. App. 4th 870, 887 (2002) (lost anticipated profits cannot be recovered if not reasonably certain). Here, Plaintiff seeks to recover the full amount of lost profits for a deal that never made it out of the planning phase. No investors were found, no funds were raised, and the deal never went through. Plaintiff's damages claims are uncertain because they presuppose several key events that were critical to the LICO deal's success – namely that Plaintiff would perform the work, find investors, that those investors would be interested and accepted into the LICO deal, and that LICO would actually raise the funds. None of those events occurred. Instead, the deal fell through because Plaintiff abandoned the project due to his declining mental health. (Matusow Decl. ¶¶ 7, 8.) Plaintiff should not be permitted to seek millions of dollars in speculative compensatory damages, for an alleged deal

that Plaintiff himself caused to flop.  As such, the cause of action for breach of contract must be dismissed.

### ii. The Cause of Action for Promissory Fraud Is Barred By the Economic Loss Rule and Not Plead With Particularity.

Plaintiff's second cause of action for promissory fraud should also be dismissed for two reasons: it is barred by the economic loss rule, and it is not plead with particularity.

#### a. The Economic Loss Rule Bars Plaintiff's Fraud Claims

Plaintiff's cause of action for promissory fraud is barred by the economic loss rule.  The economic loss rule provides that, "generally, pure economic losses are not recoverable in tort." *NuCal Foods, Inc. v. Quality Egg LLC,* 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013).  Stated differently, the economic loss rule provides that certain economic losses are only remediable in contract, as a limitation on recovery of damages in actions in the absence of physical harm to person or property.  *See Giles v. General Motors Acceptance Corp.,* 494 F.3d 865, 873 (9th Cir. 2007).  "A breach of contract is tortious only when some independent duty arising from tort law is violated." *JMP Securities LLP v. Altair Nanotechnologies, Inc.,* 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ("the economic loss rule states that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement").  The rationale underling the economic loss rule is at its strongest where a party alleges a claim based on "commercial activities that negligently or inadvertently went awry." *Robinson Helicopter v. Dana Corp.,* 34 Cal. 4th 979, 991 n.7 (2004).

Claims of promissory fraud are subject to the economic loss rule.  *See Oracle USA, Inc. v. XL Global Services, Inc.,* 2009 WL 2084154, at *3 (N.D. Cal. July 13, 2009) (addressing whether a fraud claim is barred by the economic loss rule).  Plaintiff's promissory fraud claim is based on an alleged contract with Defendants.  According to Plaintiff, Defendants allegedly failed to pay Plaintiff $12,000 dollars for translating documents related to commercial fundraising activity for a theme park in Korea.  (FAC ¶30-31.)  Plaintiff claims that Defendants failure to pay the $12,000 caused him to be unable to travel to Korea, which later was the sole cause of the LICO deal falling through.  (FAC at ¶¶ 30-31, 83-85.)  Notwithstanding that Plaintiff's allegations are

1  entirely fabricated, Plaintiff's FAC alleges that he suffered only economic loss from the alleged
2  wrongdoing and seeks compensatory damages of $12,000 and consequential damages for his
3  percentage fee of the LICO deal.  Even accepting these allegations in the Amended Complaint as
4  true (they are not), the Amended Complaint seeks pure economic damages.  The Amended
5  Complaint additionally fails to identify the violation of any independent duty that would allow
6  Plaintiff to recover damages in tort.  As such, Plaintiff's promissory fraud claim is barred by the
7  economic loss rule.

### b.  Plaintiff's Fraud Claim Is Not Pled With Particularity

Plaintiff's fraud claim fails to meet the heightened pleading requirements for fraud claims. Federal Rules of Civil Procedure Rule 9(b) provides, in pertinent part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the *particular misconduct* so that they can defend against the charge." *Vess v. Ciba-Ceigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added).  Thus, Rule 9(b) requires that fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986).  The elements of a cause of action for fraud in California are: "(1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage." *Engalia v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 974 (1997).

Plaintiff's allegations supporting his promissory fraud cause of action fall far below the standard articulated by Rule 9(b) and supporting case law.  Indeed, it is difficult to understand exactly what "misrepresentations" Plaintiff claims Defendants made.  From what Defendants can understand, Plaintiff alleges that Defendants represented that they would abide by the alleged

contracts, but never intended on performing.[7] (FAC ¶¶ 40-41.) Yet, Plaintiff fails to allege any facts which would support this theory and fails to allege that Defendants had any specific intent or knowledge of the alleged misrepresentation. Importantly, Plaintiff's complaint entirely neglects to allege the time, place, and circumstances of the purported misrepresentations. The reason that Plaintiff does not include details surrounding these allegations is because the evidence suggests that such allegations are in fact, false. Mr. Matusow had no involvement or oversight in Plaintiff's LICO deal other than accompanying Plaintiff to two meetings as a friend and mentor. (Matusow Decl. ¶¶ 3, 4.) Plaintiff abandoned the project for unknown reasons. (*Id.* ¶ 7.) There was no contract or deal between Defendants and Plaintiff other than allowing Plaintiff to use Synergicity's corporate form to invoice the work Plaintiff performed for LICO. (*Id.* ¶ 5.)

Unsurprisingly, Plaintiff's Amended Complaint *admits* its lack of particularity, stating "Plaintiff will fill in future details of the exact date and time of Mr. Matusow's emailed representations made by email [sic]…" (FAC ¶¶ 30, 101.) It is inexcusable for Plaintiff, after already amending his Complaint once, to request to add further details to his fraud claim. This flies in the face of the pleading standards required for fraud claims.

In sum, Plaintiff's claim for promissory fraud is entirely barred by the economic loss rule because Plaintiff has failed to allege violation of an independent duty that would allow recovery of damages in tort. Further, Plaintiff's cause of action for promissory fraud should be dismissed for failure to plead with particularity because the Amended Complaint fails to identify any misrepresentation, fails to allege knowledge or intent of the misrepresentation, and admits its own lack of particularity.

### iii. The Cause of Action for Negligent Misrepresentation should be dismissed.

Plaintiff's third cause of action for negligent misrepresentation should be dismissed for three reasons, each dispositive: it fails to allege facts sufficient to constitute a cause of action, it is barred by the economic loss rule, and it is not plead with particularity.

---

[7] The only agreement between Plaintiff and Defendants was to allow Plaintiff to use Synergicity's corporate form to invoice work that Plaintiff performed for LICO, which Mr. Matusow did.

12

DEFENDANTS' MOTION TO DISMISS                                     3:22-CV-00070-WHA

"The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC,* 158 Cal. App. 4th 226, 243 (2007). Plaintiff's negligent misrepresentation cause of action is deficient because it does not identify any misrepresentation made by Defendants, fails to allege Defendants intent to induce reliance, and fails to allege that Defendants did not have reasonable grounds for believing their representations to be true.

Plaintiff fails to allege any misrepresentation, intent, or mistaken reasonable belief on behalf of Defendants. According to Plaintiff's misrepresentation theory,[8] Plaintiff and Defendants agreed to have Plaintiff perform translation services, but Defendants never intended to pay Plaintiff. (FAC ¶¶ 100-102.) However, Plaintiff offers absolutely no evidence in support of this proposition. Instead, Plaintiff offers one sentence legal conclusions, which cannot suffice to support a negligent misrepresentation claim. *See Telesauraus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010) (the court "should disregard threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); *see also Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (the court is "not required to…assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Plaintiff's conclusory claims are deficient and should be dismissed.

Plaintiff's claim for negligent misrepresentation is barred by the economic loss rule. For the reasons more specifically stated in section ii(a) above, Plaintiff's negligent misrepresentation claim seeks compensation for purely economic damages and fails to allege that Defendants violated any independent duty outside of the purported breach of contract. As such, the negligent misrepresentation claim is barred by the economic loss rule and should be dismissed.

---

[8] It should be noted that Plaintiff's negligent misrepresentation cause of action references facts that are not incorporated by reference into the cause of action. For example, Plaintiff's cause of action realleges only paragraphs 1-92. (FAC ¶ 109.) Yet, the cause of action relies upon the facts, and Plaintiff's definition of "Representations," set forth in FAC ¶¶ 100-102, which has not been incorporated into this cause of action.

13

DEFENDANTS' MOTION TO DISMISS                                      3:22-CV-00070-WHA

"Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of rule 9(b)". *U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F. Supp. 1053, 1058 (N.D. Cal. 1991). Under Rule 9(b), allegations must include the "time, place, and specific content of the representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff's Amended Complaint utterly fails in this regard. Indeed, as has been stated several times, the negligent misrepresentation cause of action contains no information surrounding the time, place, and manner of the purported representations. It also assumes certain facts, which are not properly incorporated into the cause of action. (*See* fn. 6, *supra*.) For the reasons more specifically outlined in the fraud cause of action above, the negligent misrepresentation cause of action should be dismissed for lack of particularity.

## V.    CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted.

Dated: November 29, 2022              SEIFERT ZUROMSKI LLP

By *Richard J. Zuromski, Jr.*
Richard J. Zuromski, Jr.
Attorneys for Defendants
Synergicity, Inc. and Ken Matusow