1  Richard J. Zuromski, Jr. (Bar No. 227569)
   Jon-Patrick A. Jones (Bar No. 333173)
2  **SEIFERT ZUROMSKI LLP**
   200 Pine Street, Suite 1250
3  San Francisco, CA 94105
   Telephone:      415-293-7966
4  Facsimile:      415-293-8001
   Email: rzuromski@szllp.com
5
   Attorneys for Defendants
6  *Synergicity, Inc. and Ken Matusow*

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12

13  Carl A. Wescott, an individual          No. 3:22-CV-00070-WHA

14              Plaintiffs,                 **DECLARATION OF KEN MATUSOW IN SUPPORT OF DEFENDANTS SYNERGICITY, INC. AND KEN MATUSOW'S MOTION TO DISMISS**
15      v.

16  Synergicity, Inc., a California
    Corporation; Ken Matusow, an            **DATE:   JANUARY 12, 2023**
17  individual;                             **TIME:   8:00 AM**
                                            **PLACE:  HON. WILLAM H. ALSUP**
18              Defendants.                 **        16TH FLOOR**

---

**MATUSOW DECL. ISO MOTION TO DISMISS**                           3:22-CV-00070-WHA

## DECLARATION OF KEN MATUSOW

I, KEN MATUSOW, declare:

1. I am Chief Executive Officer of Synergicity, Inc. ("Synergicity"). I make this declaration in support of Defendants Ken Matusow and Synergicity's Motion to Dismiss. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently thereto.

2. I am a technology consultant by trade and have been a part of many companies. My most recent venture is Synergicity, a California corporation engaged in the technology consulting sector.

3. I met Plaintiff Carl A. Wescott ("Plaintiff") through our mutual involvement in the information technology consulting sector. While, prior to 2016, we had never worked together we would frequently cross paths at industry events and other functions. On or around 2016, Plaintiff approached me asking if I would like to be a mentor for him while he was working for a company called SparkLabs Connex ("SparkLabs"). I agreed. For clarity, I never worked for SparkLabs in any capacity.

4. Through my mentorship relationship, I traveled with Plaintiff to Korea where we participated in various information technology sector events and conventions. In our free time during a trip to Korea, I accompanied Plaintiff to approximately two meetings where Plaintiff met with personnel from LICO-art ("LICO"), a company that wanted to develop an LED amusement park. As Plaintiff told me, LICO was in need of developing a plan to raise capital for their development project. This included tasks such as preparing business documents to develop a preliminary investor pitch and translating certain documents from Korean to English. Despite accompanying Plaintiff to the two meetings, I was not involved in the LICO conversations in any substantive sense and was merely accompanying Plaintiff to the two meetings as a friend and business mentor. I have personally never done any work for LICO.

5. A few days after I accompanied Plaintiff to the second meeting in Korea, Plaintiff approached me with a proposal – Plaintiff asked if I would allow Plaintiff to act under my company, Synergicity, so that Plaintiff could perform the work for LICO and invoice the work

1  from a business name instead of his own name as an individual.  Basically, Plaintiff asked if he
2  could act as a contractor for Synergicity and the corporate entity would then invoice LICO for the
3  work that Plaintiff performed, since Plaintiff did not own a business himself.  In return, Plaintiff
4  offered Synergicity a small percentage of the deal, if it was ever completed.  I agreed to the
5  proposal because, at the time, Plaintiff was my friend and the project was to be solely handled by
6  Plaintiff and did not require my involvement.  Aside from the two meetings where I accompanied
7  Plaintiff in a friendly capacity in Korea, I had absolutely zero personal involvement or
8  participation in anything related to the Plaintiff's alleged "LICO Deal."

9      6.      According to Synergicity's corporate records, Synergicity received one
10  $8,000 dollar payment from LICO.  At Plaintiff's request, this money was used to pay for various
11  expenses Plaintiff incurred personally.  Synergicity did not receive any further payment from
12  LICO.

13     7.      From my understanding, the initial payment from LICO represented the first
14  of two progress payments for hiring Plaintiff to perform an evaluation of property for potential
15  investors, not for translation services.  I understood that payment for the second phase of work
16  would come at a later time.  After Synergicity received the first payment from LICO, Plaintiff
17  performed about half of the additional work requested by LICO and then abruptly stopped, leaving
18  the "Phase I" work unfinished.  I understood that LICO personnel were upset about Plaintiff's
19  abandoning the project and this eventually broke down any relationship that Plaintiff had with
20  LICO, including continuing with the "Phase II" work.

21     8.      Considering that I was not involved in Plaintiff's LICO project, I did not
22  discover that Plaintiff had abandoned the project until Rick Kim contacted me to let me know
23  about Plaintiff's behavior and that LICO would no longer be using Synergicity's services.  Upon
24  learning this information from Mr. Kim, I called Plaintiff to ask why he abandoned the project.
25  Plaintiff provided no answer and got extremely angry with me and refused to speak with me
26  further about this project.  I believe Plaintiff likely failed to complete the work for LICO because
27  of his increasingly declining mental health.  Based on my former friendship with Plaintiff, I know
28  that at about the same time he abandoned the LICO project, Plaintiff's mental health issues were

causing problems in all avenues of his life. I understand that Plaintiff was fired from SparkLabs due to his increasingly erratic behavior resulting from his mental health issues. I also understand that Plaintiff was involved in a divorce proceeding with his former spouse. Further, Plaintiff was declared a vexatious litigant in California because he was consistently harassing others with court process. Attached hereto as <u>Exhibit A</u> is a true and correct copy of a printout I obtained from the California court system website showing Plaintiff is currently listed as a vexatious litigant in the California court system.

9. I have been a consistent target of Plaintiff's litigiousness and have faced multiple lawsuits filed by Plaintiff in federal court in various different states. Plaintiff filed suit against me and Synergicity, in the Arizona District Court, District of Florida and in the Northern District of California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on November 22, 2022 in Moss Beach, California.

By _____
Ken Matusow